

FILED
1/29/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

1:26-cr-00045
Judge Rebecca R. Pallmeyer
Magistrate Judge Heather K. McShain
RANDOM / Cat. 4

| | |
|---|---|
| UNITED STATES OF AMERICA | Violations: Title 18, United States Code, Sections 1001(a)(2), 1347, 1956(a)(1)(B)(i) and 1956(h) |
| v. | |
| BURHAN MIRZA and KASHIF IQBAL | |

## COUNT ONE

The SPECIAL JUNE 2024 GRAND JURY charges:

1.      At times material to this indictment:

**Defendant BURHAN MIRZA and Individual MS1**

a.      Defendant BURHAN MIRZA, a native and resident of Pakistan, was an owner and operator of a business known as Nexus BPO Solution, located in Pakistan. Defendant MIRZA maintained accounts at Meezan Bank in Pakistan associated with Nexus BPO Solution, including:

i.      an account ending in 7335, maintained in the name of Nexus BPO Solution;

ii.      an account ending in 5436, maintained in the name of Axis BPO Solutions; and

iii.      an account ending in 9534, maintained in the name of BURHAN MIRZA.

b.      Co-schemer Individual MS1 worked with BURHAN MIRZA at Nexus BPO Solution.

1

**Co-schemer Mir Akbar Khan**

c.      Co-schemer Mir Akbar Khan was the President, Secretary, and registered agent in Illinois for a clinical laboratory, Business A, located on Bernard Drive, Addison, Illinois. Khan and Business A were enrolled as a provider with Medicare and other health care benefit programs.

**Co-schemer Navaid Rasheed**

d.      Co-schemer Navaid Rasheed was a native and citizen of Pakistan. Rasheed resided in a condominium unit located on Shiloh Road in Plano, Texas.

e.      On or about December 13, 2023, an entity called Puncture, Inc. was registered to do business in the state of Texas. In its filing, a relative of defendant KASHIF IQBAL was identified as the registered agent of Puncture, Inc., but its registered office street address was identified as the residential address of co-schemer Rasheed on Shiloh Road in Plano, Texas.

**Defendant KASHIF IQBAL**

f.      Defendant KASHIF IQBAL was a native and citizen of Pakistan. Defendant resided in a home located on Bowie Drive in Lavon, Texas.

g.      On or about August 22, 2023, a bank account was opened at JP Morgan Chase Bank ("Chase Bank") for a business called Safa Traders, Inc., account ending in 6279. A relative of defendant KASHIF IQBAL was identified in account records as the President of Safa Traders, Inc. The business address of Safa Traders,

Inc. was identified as the residential home address of defendant IQBAL on Bowie Drive in Lavon, Texas.

h.      On or about September 28, 2023, an entity called A&K Comforts LLC was registered to do business in the state of Texas. In its filing, a relative of defendant KASHIF IQBAL was identified as its registered agent, and its registered office street address was identified as the residential home address of IQBAL on Bowie Drive in Lavon, Texas.

i.      On or about October 16, 2023, a bank account was opened at Citibank for a business called Friendly Home Lab Services, account ending in 5605. A relative of defendant KASHIF IQBAL was identified in account records as the account signer. The business address of Friendly Home Lab Services was identified as a residential address in Round Lake, Illinois.

j.      On or about February 12, 2024, defendant IQBAL established a bank account for a business entity identified as Ikonic IT Solutions LLC at Chase Bank, ending in 8683 ("Ikonic account 8683").

k.      On or about February 20, 2024, an entity called Peculiar Penguim LLC was registered to do business in the state of Texas. In its filing, a relative of defendant KASHIF IQBAL was identified as its registered agent.

**Medicare and Other Health Care Benefit Programs**

l.      The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were 65 years of age or older or disabled.

3

Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries." Beneficiaries could enroll in a traditional Medicare plan or in Medicare Advantage plans, which were administered by private insurance companies.

m.     Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

n.     Humana, Cigna Healthcare, Wellcare, Aetna and other private insurance companies offered and administered health care benefit programs within the meaning of Title 18, United States Code, Section 24(b), including employer-sponsored plans and Medicare Advantage plans.

o.     Physicians, clinics, laboratories, and other health care providers could apply for a National Provider Identifier ("NPI") and enroll in Medicare and other health care benefit programs to provide services to beneficiaries. Enrolled health care providers were able to file claims with health care benefit programs to obtain reimbursement for services provided to beneficiaries.

p.     To receive Medicare reimbursement, providers had to fill out an application and execute a written provider agreement, known as CMS Form 855. The application contained certifications that the provider agreed to abide by Medicare laws and regulations, and that the provider "[would] not knowingly present or cause

4

to be presented a false or fraudulent claim for payment by Medicare, and [would] not submit claims with deliberate ignorance or reckless disregard of their truth or falsity." Medicare providers were given access to Medicare manuals and service bulletins describing procedures, rules, and regulations.

q.    To receive reimbursement for specific services from a health care benefit program, a provider had to submit a claim form with certain information, including information regarding the identity of the beneficiary; the type of services provided (typically identified by a procedure code); the billed amount for the services provided; and a certification that the services for which payment were sought were rendered by the listed provider.

r.    Medicare beneficiaries were identified by unique beneficiary identification numbers ("BINs").

s.    A respiratory pathogen panel was a diagnostic test used for the detection and identification of respiratory viruses and bacterial pathogens in the respiratory tract of a patient. The test was conducted on a sample collected using a swab applied to the back of a patient's nose and throat. Medicare reimbursed Medicare providers for conducting diagnostic tests, such as respiratory pathogen panel tests ("RPPT"), that were administered and billed in conformance with Medicare law and regulations.

t.    Health care benefit programs reimbursed medical providers for durable medical equipment provided to patients, such as orthotic devices like knee

5

braces, prosthetic limbs, and orthopedic shoes, that were properly prescribed by an authorized medical provider.

### Hannan Lab, Inc.

u.      Hannan Lab, Inc. was an entity incorporated in Illinois that enrolled as a provider with Medicare and purported to conduct tests on patient samples submitted on behalf of Medicare and other health care benefit program beneficiaries. Hannan Lab, Inc. received payments from Medicare into a Byline Bank account ending in 9053 ("Hannan account 9053").

### Advanced Diagnostic Solutions, Inc. and co-schemer Fasiur Rahman Syed

v.      Advanced Diagnostic Solutions, Inc. was an entity incorporated in Illinois that enrolled as a provider with Medicare and purported to conduct tests on patient samples submitted on behalf of Medicare and other health care benefit program beneficiaries. Advanced Diagnostic Solutions, Inc. received payments from Medicare into a Chase Bank account ending in 0886 ("ADS account 0886").

w.      Co-schemer Fasiur Rahman Syed resided in an apartment located on the 6100 North block of Campbell Avenue, Chicago, Illinois. On or about November 30, 2023, Syed became the President, Secretary, and registered agent in Illinois for Advanced Diagnostic Solutions, Inc., according to Illinois Secretary of State records.

x.      On or about November 29, 2023, the Medicare enrollment form for Advanced Diagnostic Solutions, Inc. was updated, identifying co-schemer Fasiur

Rahman Syed as its managing director. Syed's residence was also added as a practice location for Advanced Diagnostic Solutions, Inc.

y.      On or about December 8, 2023, co-schemer Fasiur Rahman Syed became the sole signer on ADS account 0886. At that time, the mailing address for ADS account 0886 was changed to Syed's residence.

z.      Although Advanced Diagnostic Solutions, Inc. received payments from Medicare into ADS account 0886, it received payments from other health care benefit programs into accounts maintained at other financial institutions, such as a U.S. Bank account ending in 6216 and a PNC Bank account ending in 1741.

aa.      In February 2024, co-schemer Fasiur Rahman Syed was identified in filings with the Illinois Secretary of State as the registered agent and manager of two other entities registered in Illinois, Celestial Cipher LLC and Equinox Elite LLC. According to the filings, the principal place of business for both entities was Syed's residence.

**Clinical Laboratory, Inc. and co-schemer Individual HM**

bb.      Clinical Laboratory, Inc. was an entity incorporated in Illinois that enrolled as a provider with Medicare and purported to conduct tests on patient samples submitted to it on behalf of Medicare and other health care benefit program beneficiaries.

cc.      Co-schemer Individual HM resided in an apartment located on the 6200 North block of Talman Avenue, Chicago, Illinois. On or about November 21,

7

2023, Individual HM became the President, Secretary, and Director in Illinois for Clinical Laboratory, Inc., according to Illinois Secretary of State records.

dd.     On or about November 30, 2023, a Chase Bank account ending in 5853 was opened in the name of Clinical Laboratory, Inc., which identified co-schemer Individual HM as the President and signer on the account ("Clinical account 5853").

ee.     On or about December 5, 2023, the Medicare enrollment form for Clinical Laboratory, Inc. was updated, identifying co-schemer Individual HM as its owner and director. In addition, the updated enrollment form added Clinical account 5853 as the bank account to receive payments from Medicare.

ff.     In addition to Clinical account 5853, Clinical Laboratory, Inc. also received payments from health care benefit programs into accounts maintained at other financial institutions, such as a U.S. Bank account ending in 7586 ("Clinical account 7586"), and a Bank of America account ending in 6704.

**Serene Sapphire LLC and Snazzy Sprocket LLC**

gg.     In February 2024, co-schemer Individual HM was identified in filings with the Illinois Secretary of State as the registered agent and manager of two other entities incorporated in Illinois, Serene Sapphire LLC and Snazzy Sprocket LLC. According to the filings, the principal place of business for both entities was Individual HM's residence.

**American Health Sciences, and co-schemer Individual MP**

hh.    American Health Sciences LLC was an entity registered in Illinois that enrolled as a provider with Medicare and purported to conduct tests on patient samples submitted to it on behalf of Medicare and other health care benefit program beneficiaries.

ii.    On or about February 2, 2024, co-schemer Individual MP was identified in filings with the Illinois Secretary of State as the new registered agent and manager of American Health Sciences LLC.

jj.    On or about February 6, 2024, a U.S. Bank account ending in 5895 was opened in the name of American Health Sciences LLC, which identified co-schemer Individual MP as the General Manager and signer on the account ("AHS account 5895").

2.    From in or around August 2023, until in or around August 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA,
and KASHIF IQBAL,

defendants herein, together with others known and unknown to the grand jury, including co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, Fasiur Rahman Syed, Individual HM, Individual MP, and others participated in a scheme to defraud a health care benefit program, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owned by, and under the custody and control of a health care benefit program, in connection with

9

the delivery of and payment for health care benefits, items, and services, which scheme is further described below.

3.     It was part of the scheme that defendants BURHAN MIRZA and KASHIF IQBAL, along with co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, and others, used nominee-owned laboratories and DME providers to submit fraudulent claims to health care benefit programs for items and services that were not provided, distributed the proceeds of the fraudulent claims among themselves, and concealed the distributions with bogus invoices.

4.     It was further part of the scheme that defendant BURHAN MIRZA obtained and controlled identifying and other information of individuals, such as BINs, dates of birth, addresses, and the identification of healthcare providers and insurers for those individuals, for the purpose of causing fraudulent claims to be submitted to health care benefit programs, such as Medicare, without the knowledge or authorization of those individuals.

5.     It was further part of the scheme that co-schemer Navaid Rasheed and defendant KASHIF IQBAL worked as U.S.-based agents of defendant BURHAN MIRZA, communicating with other U.S.-based co-schemers, such as Mir Akbar Khan, tracking whether false claims that defendant BURHAN MIRZA and Individual MS1 caused to be submitted to health care benefit programs were paid to U.S.-based bank accounts controlled by co-schemers, and tracking and facilitating payment of fraud

proceeds to the defendants and co-schemers, including payments transmitted to Pakistan.

6.     It was further part of the scheme that co-schemer Mir Akbar Khan paid and managed individuals, such as co-schemers Fasiur Rahman Syed, Individual HM, and Individual MP to pose as the owners of purported medical businesses that were enrolled as providers with Medicare and other health care benefit programs, including Hannan Lab, Inc., Advanced Diagnostics Solutions, Inc., Clinical Laboratory, Inc., American Health Sciences LLC, Celestial Cipher LLC, Equinox Elite LLC, Serene Sapphire LLC, and Snazzy Sprocket LLC, and to serve as nominee owners of bank accounts for the purported businesses.

7.     It was further part of the scheme that defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed and Fasiur Rahman Syed, and others, then caused the businesses to be used to submit fraudulent claims to, and to fraudulently receive payments from, health care benefit programs, including Medicare.

8.     It was further part of the scheme that defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, Fasiur Rahman Syed, and Individual HM, and others, knowingly caused the submission of false and fraudulent claims to Medicare for thousands of diagnostic tests purportedly conducted by Hannan Lab, Advanced Diagnostic Solutions, Inc., and Clinical Laboratory, Inc., which tests had not in fact been conducted.

11

9.     It was further part of the scheme that, between approximately October 2023 and January 2024, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1 and Navaid Rasheed, and others caused Medicare to pay more than $4,000,000 to Hannan account 9053 based on the false and fraudulent claims and converted and sought to convert those funds to their own benefit.

10.     It was further part of the scheme that, on or about March 22, 2024, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, Fasiur Rahman Syed, and others caused Medicare to pay more than $200,000 to ADS account 0886 based on the false and fraudulent claims and converted and sought to convert those funds to their own benefit.

11.     It was further part of the scheme that, between on or about March 22 and March 26, 2024, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, Individual HM, and others caused Medicare to pay over $500,000 to Clinical account 5853 based on false and fraudulent claims for items and services that were not provided and converted and sought to convert those funds to their own use and benefit.

12.     It was further part of the scheme that, on or about March 28, 2024, and April 14, 2024, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, Individual HM, and others caused health care benefit programs to issue payments to Snazzy Sprocket totaling more than $230,000 for false and fraudulent claims for items and services that were

not provided, caused those payments to be deposited into a Chase Bank account ending in 6502, maintained in the name of Snazzy Sprocket, and converted and sought to convert those funds to their own use and benefit.

13.     It was further part of the scheme that between on or about May 30, 2024, and July 29, 2024, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, Individual HM, and others caused health care benefit programs to issue payments to Clinical Laboratory totaling more than $2,800,000 based on false and fraudulent claims for items and services that had not been provided, caused those payments to be deposited into Clinical account 7586, and converted and sought to convert those funds to their own use and benefit.

14.     It was further part of the scheme that between on or about July 11, 2024, and July 29, 2024, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, Individual MP, and others caused health care benefit programs to issue payments to American Health Sciences LLC totaling more than $560,000 based on false and fraudulent claims for items and services that had not been provided, caused those payments to be deposited into AHS account 5895, and converted and sought to convert those funds to their own use and benefit.

15.     It was further part of the scheme that between approximately November 2023 and August 2024, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers

Individual MS1, Mir Akbar Khan, Navaid Rasheed, Individual HM, Individual MP, Fasiur Rahman Syed, and others caused false and fraudulent claims to be submitted to health care benefit programs for items and services purportedly provided by companies such as A&K Comforts LLC, Celestial Cipher LLC, Equinox Elite LLC, Peculiar Pengium LLC, Puncture, Inc., Serene Sapphire LLC, Snazzy Sprocket LLC and Whimsy Wombat to beneficiaries, and caused funds to be paid by health care benefit programs for the false and fraudulent claims.

16.    It was further part of the scheme that, after payments for the false and fraudulent claims were made by Medicare and other health care benefit programs, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Mir Akbar Khan, Navaid Rasheed and Fasiur Rahman Syed, and others, converted and sought to convert those funds to their own use and benefit, and to the use and benefit of their co-schemers.

17.    It was further part of the scheme that, in order to retain the funds obtained through the false and fraudulent claims, defendants BURHAN MIRZA, KASHIF IQBAL, and co-schemers Individual MS1, Navaid Rasheed, Mir Akbar Khan, and others quickly transferred funds and caused funds to be transferred from the nominee bank accounts to other accounts, including accounts controlled by Khan, IQBAL, and others, such as:

      a.    U.S. Bank account ending in 7115, maintained in the name of MS Diagnostic Solutions, Inc.; and

b.      U.S. Bank account ending in 2893, maintained in the name of Snazzy Sprocket LLC.

c.      Ikonic account 8683, including the following:

| Date | Amount | From account |
|------|--------|--------------|
| March 25, 2024 | $ 12,905.00 | Clinical Laboratory (Chase Bank) |
| March 26, 2024 | $  6,326.65 | Advanced Diagnostic Solutions (Chase Bank) |
| April 23, 2024 | $  8,879.61 | Clinical Laboratory (U.S. Bank) |
| April 26, 2024 | $  6,500.00 | Whimsy Wombat (Chase Bank) |
| April 29, 2024 | $  7,445.68 | Clinical Laboratory (U.S. Bank) |
| April 30, 2024 | $ 19,150.00 | Puncture, Inc. (Bank of America) |
| May 1, 2024 | $ 10,500.00 | A&K Comforts (Prosperity Bank) |
| May 1, 2024 | $  3,324.00 | Snazzy Sprocket (U.S. Bank) |
| May 13, 2024 | $ 12,475.00 | Clinical Laboratory (Bank of America) |
| May 15, 2024 | $  2,040.00 | Serene Sapphire (U.S. Bank) |

18.     It was further part of the scheme that, in order to facilitate transfers of funds from the nominee bank accounts to themselves and others, defendants BURHAN MIRZA, KASHIF IQBAL, co-schemers Individual MS1, Mir Akbar Khan, Navaid Rasheed, and others knowingly created and caused to be created false and fabricated invoices which purported to document the purpose of payments from the nominee bank accounts, payable to entities such as Bluechip Traders, Cellify, and Ikonic IT Solutions LLC.

19.     It was further part of the scheme that defendants BURHAN MIRZA, KASHIF IQBAL and co-schemers including Individual MS1, Mir Akbar Khan, Navaid Rasheed, and others caused and facilitated the international transfer of funds that they knew were proceeds of the fraud scheme to Pakistan and other locations.

20.     It was further part of the scheme that defendant KASHIF IQBAL facilitated and coordinated the delivery of fraud proceeds to defendant BURHAN MIRZA and Individual MS1 in Pakistan, including to Meezan Bank accounts ending in 7335 (Nexus BPO Solution), 5436 (Axis BPO Solutions), and 9534 (BURHAN MIRZA).

21.     As a result of the scheme, defendants caused Medicare and other health care benefit programs to issue payments premised upon false and fraudulent claims that totaled in excess of approximately $10 million.

22.     It was further part of the scheme that defendants BURHAN MIRZA, KASHIF IQBAL and co-schemers including Individual MS1, Mir Akbar Khan, Navaid Rasheed, and others, misrepresented, concealed, and hid and caused to be misrepresented, concealed, and hidden, certain material facts, including the acts and purposes of the acts done in furtherance of the scheme.

23.     On or about October 9, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted a claim to Medicare for reimbursement of approximately $371 to Hannan Lab, Inc. for conducting a diagnostic test for Medicare beneficiary AK, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

## COUNT TWO

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count One are incorporated here.

2.      On or about October 9, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted a claim to Medicare for reimbursement of approximately $371 to Hannan Lab, Inc. for conducting a diagnostic test for Medicare beneficiary JW, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

18

## **COUNT THREE**

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count One are incorporated here.

2.     On or about October 9, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted a claim to Medicare for reimbursement of approximately $371 to Hannan Lab, Inc. for conducting a diagnostic test for Medicare beneficiary FP, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

19

## COUNT FOUR

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count One are incorporated here.

2.      On or about October 9, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted a claim to Medicare for reimbursement of approximately $371 to Hannan Lab, Inc. for conducting a diagnostic test for Medicare beneficiary JD, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

## COUNT FIVE

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count One are incorporated here.

2.     On or about February 2, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted a claim to Medicare for reimbursement of approximately $323 to Advanced Diagnostic Solutions, Inc. for conducting a diagnostic test for Medicare beneficiary MP, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

## COUNT SIX

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count One are incorporated here.

2.      On or about January 18, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by causing to be submitted a claim to Cigna for reimbursement to Advanced Diagnostic Solutions, Inc. of approximately $165 for conducting a diagnostic test for beneficiary DF, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

## COUNT SEVEN

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count One are incorporated here.

2.      On or about March 6, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by causing to be submitted a claim to Medicare for reimbursement to Advanced Diagnostic Solutions, Inc. of approximately $150 for conducting a diagnostic test for beneficiary DJ, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

23

## COUNT EIGHT

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count One are incorporated here.

2.     On or about March 6, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by causing to be submitted a claim to Medicare for reimbursement of approximately $150 to Advanced Diagnostic Solutions, Inc. for conducting a diagnostic test for beneficiary ML, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

## COUNT NINE

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count One are incorporated here.

2.     On or about March 6, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by causing to be submitted a claim to Medicare for reimbursement of approximately $150 to Clinical Laboratory, Inc. for conducting a diagnostic test for beneficiary JD, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

25

## COUNT TEN

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count One are incorporated here.

2.     On or about March 6, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by causing to be submitted a claim to Medicare for reimbursement of approximately $150 to Clinical Laboratory, Inc. for conducting a diagnostic test for beneficiary JS, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

26

## **COUNT ELEVEN**

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count One are incorporated here.

2.      On or about June 14, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by causing to be submitted a claim to Medicare for reimbursement of approximately $39 to Clinical Laboratory, Inc. for conducting a diagnostic test for beneficiary TM, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

## **COUNT TWELVE**

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count One are incorporated here.

2.      On or about June 19, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by causing to be submitted a claim to Humana for reimbursement of approximately $41 to Clinical Laboratory, Inc. for conducting a diagnostic test for beneficiary LH, which test had not been provided;

In violation of Title 18, United States Code, Section 1347.

28

## COUNT THIRTEEN

The SPECIAL JUNE 2024 GRAND JURY further charges:

From in or around October 2023, until in or around August 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA
and KASHIF IQBAL,

defendants herein, did conspire with each other and with others known and unknown to the Grand Jury, including co-schemers Individual MS1, Navaid Rasheed, Mir Akbar Khan, and others, to commit offenses in violation of Title 18, United States Code, Section 1956, namely: (a) to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, namely, health care fraud, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and (b) to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, namely, health care fraud, in violation of Title 18, United States Code, Section 1956(a)(2)(A);

In violation of Title 18, United States Code, Section 1956(h).

## COUNTS FOURTEEN TO NINETEEN

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

KASHIF IQBAL,

defendant herein, knowingly attempted to conduct and caused to be conducted the financial transactions identified below, namely, the transfer of funds from one bank account to another, in or affecting interstate commerce, each such financial transaction constituting a separate count, which financial transaction involved the proceeds of a specified unlawful activity, namely, health care fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting such financial transactions, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date | Amount | From account | To account |
|---|---|---|---|---|
| 14 | 11/06/23 | $ 79,992.40 | Hannan Lab (Byline Bank) | Friendly Home Lab Services (Citibank) |
| 15 | 11/07/23 | $ 74,970.00 | Hannan Lab (Byline Bank) | Safa Trader (Chase Bank) |
| 16 | 03/25/24 | $ 12,905.00 | Clinical Laboratory (Chase Bank) | Ikonic IT Solutions (Chase Bank) |
| 17 | 03/26/24 | $  6,326.65 | Advanced Diagnostic Solutions (Chase Bank) | Ikonic IT Solutions (Chase Bank) |
| 18 | 04/23/24 | $  8,879.61 | Clinical Laboratory (U.S. Bank) | Ikonic IT Solutions (Chase Bank) |
| 19 | 05/15/24 | $  2,040.00 | Serene Sapphire (U.S. Bank) | Ikonic IT Solutions (Chase Bank) |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNTS TWENTY TO TWENTY-FOUR

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

BURHAN MIRZA,

defendant herein, knowingly conducted and attempted to conduct the financial transactions identified below, namely, the transfer of funds from Clinical account 7586, in or affecting interstate commerce, each such financial transaction constituting a separate count, which financial transaction involved the proceeds of a specified unlawful activity, namely, health care fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting such financial transactions, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date | Amount | To account |
|---|---|---|---|
| 20 | July 9, 2024 | $ 29,989.70 | Cellify LLC (Israel Bank) |
| 21 | July 11, 2024 | $ 19,993.36 | Cellify LLC (Israel Bank) |
| 22 | July 12, 2024 | $ 99,998.70 | Cellify LLC (Israel Bank) |
| 23 | July 25, 2024 | $ 55,860.00 | Cellify LLC (Israel Bank) |
| 24 | July 26, 2024 | $ 21,731.00 | Cellify LLC (Israel Bank) |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT TWENTY-FIVE

The SPECIAL JUNE 2024 GRAND JURY further charges:

1.      At times material to Count Twenty-Five of this indictment:

a.      The United States Department of Health and Human Services, Office of Inspector General, Office of Investigations ("HHS-OIG") was a federal agency within the executive branch of the Government of the United States. Matters within the jurisdiction of the HHS-OIG included conducting criminal investigations of fraud relating to U.S. Department Health and Human Service programs, operations and beneficiaries, such as those involving Medicare.

b.      The Federal Bureau of Investigation ("FBI") was also a federal agency within the executive branch of the Government of the United States. Matters within the jurisdiction of the FBI included conducting criminal investigations of fraud relating to public and private health care insurance providers, such as those involving Medicare.

c.      Prior to March 12, 2025, HHS-OIG and FBI had initiated investigations in the Northern District of Illinois of Mir Akbar Khan, Advanced Diagnostic Solutions, Inc., Clinical Laboratory, Inc., Serene Sapphire LLC, and Ikonic IT Solutions LLC, and related owners and operators, for potential violations of Federal law.

2.     On or about March 12, 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

KASHIF IQBAL,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, when he stated in substance the following:

a.     When asked if he did IT work for Clinical [Laboratory], IQBAL replied, "I did, yes."

b.     When asked if he had done the IT work billed in an invoice purportedly issued by Ikonic IT Solutions LLC to Serene Sapphire LLC, KASHIF IQBAL replied, "IT work, I did."

In violation of Title 18, United States Code, Section 1001(a)(2).

34

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2024 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 18, United States Code, Section 1347, as set forth in this indictment, defendants BURHAN MIRZA and KASHIF IQBAL shall forfeit to the United States of America any property that constitutes and is derived, directly and indirectly, from the gross proceeds traceable to the commission of the offense, as provided in Title 18, United States Code, Section 982(a)(7).

2.     Upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as set forth in this indictment, defendants BURHAN MIRZA and KASHIF IQBAL shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

3.     The property to be forfeited includes but is not limited to a personal money judgment in the amount of approximately $10 million.

4.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the

United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by L. Heidi Manschreck on behalf of the
UNITED STATES ATTORNEY